IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

FAMATTA JOHNSON, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

STEVE SHURHIN, an individual; and ATLAS HOME HEALTH, INC., a Colorado corporation

    Defendants

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Famatta Johnson, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Defendants Steve Shurhin and Atlas Home Health, Inc., a Colorado corporation, (collectively, "Defendants").

## STATEMENT OF THE CASE

1.    The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order") contain various rules regarding employee wages and working hours.  Defendants have violated these laws by failing to pay premium pay for all overtime hours worked.  This action seeks to recover damages and backpay to compensate all current and former employees of Defendants

for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of Defendants, is an individual and resident of the State of Colorado.

3. Defendant Atlas Home Health, Inc. is a corporation organized under the laws of the State of Colorado with its place of business located at 3025 South Parker Road, Suite 600, Aurora, Colorado 80014. Defendant Steve Shurhin is an individual and the owner and operator of Atlas. At all times relevant to this action, Defendants have been located in and have conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5. Defendants provide in-home nursing and care services to clients throughout the Denver metropolitan area. To provide these services, Defendants employ registered nurses (RNs), licensed practical nurses (LPNs) and certified nursing assistant (CNAs). These employees provide Defendants' customers with services ranging from clothes washing and meal preparation to critical in-home medical care.

6. Plaintiff worked for Defendant as an LPN. Due to the nature of their work, Defendants' employees, including Plaintiff, frequently work overtime hours.

7. Under both federal and Colorado state law, overtime must be

compensated at a rate equal to 1.5 multiplied by an employee's "regular rate of pay". 29 U.S.C. 207(a)(1); *Minimum Wage Order* at §4. Such premium overtime pay must be paid for hours worked in excess of twelve per day or forty per week. Although Defendants' employees, including Plaintiff, frequently worked such hours, they were not paid the overtime premium.

8. Both federal and state law exempt certain employers of in-home care workers from overtime pay requirements. Plaintiff and certain of Defendants' other employees, however, do not satisfy the prerequisites for the exemption and, therefore, should have received overtime premium pay.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a FED.R.CIV.PROC. 23 class action, on behalf of herself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF
> DEFENDANTS WHO WERE NOT COMPENSATED
> PROPERLY FOR ALL OVERTIME HOURS WORKED

10. This action is properly brought as a class action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members Is impracticable.

    b. Numerous questions of law and fact regarding the liability of

                    Defendants are common to the Class and predominate over any individual issues which may exist.

      c.      The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

      d.      Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

11.    For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages.

## FIRST CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, §8-4-101, *et seq.*)**

12.    Plaintiff incorporates by reference all of the above paragraphs.

13.    At all relevant times, each Defendant has been, and continues to be, an

4

"employer" within the meaning of the Colorado Wage Claim Act.  At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

14.   At all relevant times, Plaintiff was an employee of each Defendant within the meaning of the Wage Claim Act.

15.   As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

16.   As a result, Plaintiff has been damaged in an amount to be determined at trial.  Plaintiff hereby demands payment on behalf of herself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked.  This demand for payment is continuing and is made on behalf of any current employees of Defendants whose employment terminates at any time in the future.   Such payment should be made care of undersigned counsel at the listed address.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*)**

17.   Plaintiff incorporates by reference all of the above paragraphs.

18.   At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.  At all relevant times, each Defendant has employed, and/or continues to employ, non-exempt "employees" within the meaning of the FLSA.

19. At all relevant times, Plaintiff was an employee of each Defendant within the meaning of the FLSA. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

20. Defendants are an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

21. While employed by Defendants, Plaintiff was engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

22. At all relevant times, Defendants have had gross volume of sales in excess of $500,000.

23. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

24. As a result, Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Violation of the Colorado Minimum Wage Act, §8-6-101, et seq.)

25. Plaintiff incorporates by reference all of the above paragraphs.

26. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Minimum Wage Act.

28. At all relevant times, Defendants have employed, and continue to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

29. At all relevant times, Plaintiff was an employee of each Defendant within

the meaning of the Minimum Wage Act.

30. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

31. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of herself and Class Members and against Defendants as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of October, 2016.

            *s/Brian D. Gonzales*
            _____
            Brian D. Gonzales
            THE LAW OFFICES OF
            BRIAN D. GONZALES, PLLC
            242 Linden Street
            Fort Collins, Colorado 80524
            Telephone: (970) 214-0562
            Facsimile: (303) 539-9812
            BGonzales@ColoradoWageLaw.com

            *Counsel for Plaintiff*