## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02535-KLM

FAMATTA JOHNSON, on behalf of herself and all similarly situated persons,

**Plaintiff**,

v.

STEVE SHURHIN, an individual; and ATLAS HOME HEALTH, INC., a Colorado corporation,

**Defendants**.

## DEFENDANTS' MOTION TO DISMISS

Defendants, Steve Shurhin and Atlas Home Health, Inc., by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), submit the following Motion to Dismiss.  In support, Defendants state as follows:

# I.  Introduction

Atlas Home Health is a small, local company that provides home health care services to the elderly, sick, and disabled.  Plaintiff Famatta Johnson was employed as a licensed practical nurse for Atlas Home Health from February 2016 to August 2016.  After multiple disciplinary violations and after Atlas Home Health discovered that Plaintiff had been overstating the hours that she actually worked, Atlas Home Health terminated Plaintiff's employment in August 2016.  Plaintiff, disgruntled with her termination, then filed a Class and Collective Action Complaint against Atlas Home Health and Steve Shurhin (Atlas's Director of Nursing) alleging violations

of the Fair Labor Standards Act ("FLSA"), the Colorado Wage Claim Act, and the Colorado Minimum Wage Act.

Plaintiff's Complaint should be dismissed for multiple reasons.  Plaintiff's Second Claim for Relief should be dismissed because the FLSA only applies to employees engaged in interstate commerce or employed by an enterprise engaged in interstate commerce.  Atlas Home Health's operations are purely local and do not affect interstate commerce.  Plaintiff fails to plausibly allege any factual support for its conclusory allegations regarding individual or enterprise coverage under the FLSA, and therefore Plaintiff's FLSA claim falls far short of satisfying the pleading standards of *Iqbal* and *Twombly*.  Additionally, Plaintiff's FLSA claim against Steve Shurhin individually fails because Plaintiff does not allege that Mr. Shurhin had operational control over the company's employment matters.

If the Court dismisses Plaintiff's FLSA claim—the only claim which gives this Court original jurisdiction over this action—then the Court should dismiss Plaintiff's remaining state law claims for lack of subject matter jurisdiction.  The Court should also dismiss Plaintiff's First and Third Claims for Relief against Steve Shurhin individually because officers and agents of a corporation are not personally liable for nonpayment of wages under the Colorado Wage Claim Act or the Colorado Minimum Wage Act, and Plaintiff fails to allege any extraordinary circumstances that would justify piercing the corporate veil.  Lastly, Plaintiff's Third Claim for Relief does not plausibly allege any particular violation of the Colorado Minimum Wage Act, and thus fails to state a claim for relief under *Iqbal* and *Twombly*.

# II.  Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.  *Id.* (citing *Twombly*, 550 U.S. at 555).  Allegations that are mere conclusions are not entitled to the assumption of truth.  *Id.*  A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Id.*  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal quotations omitted).

# III.  Argument

## A.    Plaintiff's Second Claim for Relief under the FLSA should be dismissed

### 1.    Plaintiff fails to plausibly allege individual or enterprise coverage under the FLSA

The FLSA only applies to employees who are engaged in "commerce" or employed in an enterprise engaged in "commerce."  *Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 Fed. Appx. 805, 808 (10th Cir. 2012) (quoting 29 U.S.C. § 207(a)(1)).  "Commerce" is defined under the FLSA as meaning "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  In

assessing individual and enterprise coverage, Congress intends to regulate only activities constituting **interstate** commerce, not activities merely affecting commerce. *Reagor*, 501 Fed. Appx. at 809. To survive a motion to dismiss, an FLSA plaintiff must assert sufficient facts to plausibly state a claim that either (1) she, individually, was engaged in "commerce" or (2) her employer is an enterprise engaged in "commerce." *Id.* at 808. Plaintiff's Complaint does neither, and therefore her Second Claim for Relief under the FLSA should be dismissed.

> a. **Plaintiff fails to plausibly allege that she was individually engaged in interstate commerce**

For individual coverage, an employee must directly participate in the actual movement of persons or things in interstate commerce. *Id.* (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *N.M. Pub. Serv. Co. v. Engel,* 145 F.2d 636, 638 (10th Cir.1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof.")). To determine whether an employee is engaged in interstate commerce, courts look at the employee's activities, not the business of her employer. *Id.* (citing *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211 (1959)). The employee must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone. *Id.* (citing *Thorne,* 448 F.3d at 1266; 29 C.F.R. § 776.10(b) (requiring regular and recurrent use of instruments of communication as part of job duties)). Isolated or sporadic activities do not satisfy this requirement. *Id.* (citing *Dent v. Giaimo,* 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009); *Bowrin v. Catholic Guardian Soc'y,* 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (stating that *de minimis* interstate activities are not covered by FLSA);

*Kitchings v. Fla. United Methodist Children's Home, Inc.,* 393 F.Supp.2d 1282, 1293 n. 26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce.")).

In *Reagor*, the 10th Circuit affirmed the dismissal of the plaintiff's FLSA claim because the plaintiff—an employee of a local safe house shelter—failed to plausibly allege that she was individually engaged in interstate commerce. *Id.* at 807, 809-10.  The plaintiff in *Reagor* alleged that she: "(1) handled goods that traveled in interstate commerce; (2) admitted clients who had moved across state lines; (3) used a telephone; (4) was responsible for obtaining cellular telephones or upgrading cellular telephone plans for clients; and (5) secured prescription drugs manufactured and distributed in interstate commerce for clients." *Id.* at 809.  Nevertheless, the 10th Circuit still concluded that the plaintiff failed to plausibly allege individual engagement in interstate commerce because her allegations were conclusory and devoid of factual enhancement as required by *Iqbal*, and because any effect Ms. Reagor's activities had on commerce was too remote to qualify as engaging in "commerce" under the FLSA.  *Id.* at 810.

Here, Plaintiff simply makes the bare and conclusory allegation that "[w]hile employed by Defendants, Plaintiff was engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA."  (Complaint (Doc. No. 1) ¶ 21.)  Plaintiff does not allege a single fact to support her conclusory recitation of the FLSA's statutory language, and therefore fails to plausibly state a claim for relief under the *Iqbal* and *Twombly* pleading standards.  *Reagor*, 501 Fed. Appx. at 810; *Topp v. Lone Tree Athletic Club, Inc.*, Civ. No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *6-7 (D. Colo. July 15, 2014) (where a complaint does little more than parrot the statutory language of the FLSA, it falls short of

satisfying the pleading standards of *Twombly* and *Iqbal*).  Plaintiff's allegations fall far short of

the detailed factual allegations in *Reagor*, which the 10th Circuit **still** found were insufficient as

a matter of law.  501 Fed. Appx. at 809-10.  Therefore, Plaintiff has failed to plausibly allege

individual coverage under the FLSA.

**b.    Plaintiff fails to plausibly allege that Atlas Home Health is an
enterprise engaged in interstate commerce**

Plaintiff has also failed to plausibly allege enterprise coverage under the FLSA.  For

enterprise coverage, there must be an enterprise engaged in interstate commerce or in the

production of goods for interstate commerce.  *Reagor*, 501 Fed. Appx. at 809; 29 U.S.C.

§§ 203(b), 203(s)(1).  Such an enterprise must have "employees engaged in commerce … or …

handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce by any person."  *Reagor*, 501 Fed. Appx. at 809 (quoting 29 U.S.C.

§ 203(s)(1)(A)(i)).

Bare or conclusory allegations regarding enterprise coverage are insufficient.  For

instance, in *Topp*, the plaintiff only alleged the legal conclusion that "[a]t all times pertinent to

this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production

of goods for consumers as defined in 29 U.S.C. §§ 203(r) and 203(s)."  2014 WL 3509201, at *6.

The court found that the plaintiff's allegations were mere labels and conclusions and formulaic

recitations of the elements of an FLSA claim, devoid of any facts showing how the defendant's

services were actually tied to interstate commerce, and that therefore the plaintiff's allegations

were insufficient under *Iqbal*.  *Id.* at *7.

Here, as in *Topp*, Plaintiff makes only the conclusory allegation that "Defendants are an

enterprise engaged in interstate 'commerce' and/or in the production of 'goods' for 'commerce'

6

within the meaning of the FLSA." (Complaint (Doc. No. 1) ¶ 20.)  This formulaic recitation of

the elements of an FLSA claim is insufficient under *Iqbal*.  *Topp*, 2014 WL 3509201, at *7.

Plaintiff fails to make any factual allegations regarding how Atlas Home Health's services or

operations actually affect interstate commerce.  To the contrary, Plaintiff alleges that

Defendants' business activities are strictly local and do **not** affect commerce outside the State of

Colorado.  (Complaint (Doc. No. 1) ¶ 3 ("At all times relevant to this action, Defendants have

been located in and have conducted business in the State of Colorado") and ¶ 5 ("Defendants

provide in-home nursing and care services to clients throughout the Denver metropolitan area").)

Therefore, because Plaintiff does not plausibly allege individual or enterprise coverage

under the FLSA, Plaintiff's Second Claim for Relief should be dismissed.

### 2.     Plaintiff fails to plausibly allege facts supporting individual liability of Steve Shurhin under the FLSA

In addition, Plaintiff's FLSA claim against Steve Shurhin in his individual capacity

should be dismissed because Plaintiff does not allege sufficient facts to establish that

Mr. Shurhin is an "employer" under the FLSA.  To be held individually liable under the FLSA,

the individual must fall within the FLSA's definition of "employer."  *Lopez v. Next Generation

Constr. & Envtl., LLC*, Civ. No. 16-cv-00076-CMA-KLM, 2016 WL 6600243, at *4 (D. Colo.

Nov. 8, 2016).  The Tenth Circuit has considered numerous factors when determining whether an

individual is an "employer" under the FLSA, including whether the alleged employer has the

power to hire and fire employees, supervises and controls employee work schedules or

conditions of employment, determines the rate and method of payment, and maintains

employment records.  *Id.* (citing *Hodgson v. Okada*, 472 F.2d 965, 968–69 (10th Cir. 1973);

*Mitchell v. Hertzke*, 234 F.2d 183, 189–90 (10th Cir. 1956)).  Courts have also looked at the

level of operational control the individual has over the company, including whether the individual is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." *Id.* (quoting *Koellhoffer v. Plotke–Giordani*, 858 F. Supp. 2d 1181, 1189–90 (D. Colo. 2012)).

In *Lopez*, the court dismissed the plaintiff's FLSA claim against his employer's CEO because the plaintiff merely alleged that the CEO was the "founder, owner, and operator" of the company, without any further explanation of the above factors. *Id.* The court found that the plaintiff's naked assertions were inadequate under *Iqbal* where the plaintiff did not allege any facts about the CEO's operational control over the company, including whether he hired and fired employees, oversaw employment conditions, set the rate and method of payment, maintained employment records, was involved in the day-to-day operation of the company, or supervised any employees (including the plaintiff). *Id.*

Here, Plaintiff's only allegation about Mr. Shurhin is that he is the "owner and operator of Atlas." (Complaint (Doc. No. 1) ¶ 3.)[1] This kind of bare, conclusory allegation without any factual enhancement regarding the extent of Mr. Shurhin's operational control over the company's employment matters is insufficient to state a claim for individual liability under the FLSA. *Lopez*, 2016 WL 6600243, at *4-5; *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's Second Claim for Relief against Mr. Shurhin individually should be dismissed.

---

[1] Actually, Mr. Shurhin is not the "owner/operator" of Atlas Home Health, but rather its Director of Nursing.

**B.**     **Plaintiff's First and Third Claims for Relief under the Colorado Wage Claim Act and the Colorado Minimum Wage Act should be dismissed**

    **1.**     **Plaintiff's remaining state law claims should be dismissed for lack of subject matter jurisdiction**

Plaintiff alleges that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because the action is being brought under the FLSA.  (Complaint (Doc. No. 1) ¶ 4.) However, only the Second Claim for Relief is brought under the FLSA.  Plaintiff does not allege any basis for the Court's jurisdiction over her remaining state law claims (her First and Third Claims for Relief).  There is no basis for diversity jurisdiction under 28 U.S.C. § 1332 because all parties are citizens of the State of Colorado.  (*Id.* ¶¶ 2–3.)  If the Court dismisses Plaintiff's FLSA claim, then the Court will lack original jurisdiction over Plaintiff's remaining state law claims, and the Court should dismiss those state law claims under Fed. R. Civ. P. 12(b)(1).

On a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing the court's subject-matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  District courts may decline to exercise supplemental jurisdiction over state law claims if the state claim raises novel or complex issues of state law, if the state claim substantially predominates over the federal claims, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367(c).

If the Court dismisses Plaintiff's federal FLSA claim—the only claim for which the Court has original jurisdiction—then under established 10th Circuit case law this Court should decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3).  *See, e.g.*, *Daley v. Alpine Urology, P.C.*, Civ. No. 15-cv-00228-CMA-MJW, 2016

WL 1460306, at *5 (D. Colo. Apr. 13, 2016) (dismissing remaining state law claims after dismissal of FLSA claim because "[t]he Tenth Circuit has repeatedly recognized that this is the preferred practice"); *Merrifield v. Bd. of County Comm'rs for County of Santa Fe*, 654 F.3d 1073, 1086 (10th Cir. 2011) (if federal claims are dismissed before trial leaving only issues of state law, the federal court should dismiss the state claims, even if it would require the parties to re-brief state law issues in state court); *Pierce v. Gilchrist*, 167 Fed. Appx. 37, 39 (10th Cir. 2006) (district court properly declined to exercise supplemental jurisdiction over state claims under Section 1367(c)(3) after federal claims were dismissed); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims").

Additionally, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(1) because the state law claims raise novel and complex issues of Colorado law. Plaintiff's First and Third Claims for Relief under the Colorado Wage Claim Act and the Colorado Minimum Wage Act are based on allegations that Plaintiff was denied overtime pay.[2] However, there is a regulatory exemption from the overtime pay requirement for "companions, casual babysitters, and domestic employees employed by households or family members to perform duties in private residences." 7 Colo. Code Regs. § 1103-1:5. The U.S. District Court for the District of Colorado has issued divergent opinions on

---

[2] Actually, as discussed in Section III(B)(3) below, Plaintiff's Third Claim for Relief does not allege any particular violation under the Colorado Minimum Wage Act but rather just vaguely alleges that "[a]s a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the Minimum Wage Act." (Complaint (Doc. No. 1) ¶ 30.) Because the only conduct alleged in the entire Complaint is alleged nonpayment of overtime wages, it is assumed, for purposes of this argument only, that Plaintiff's Third Claim for Relief is also based exclusively on an alleged nonpayment of overtime wages.

the issue of whether this companionship exemption applies to third party employers such as Atlas Home Health.  *Compare Scott v. Home Instead, Inc.*, No. 14-cv-00833-MSK-CBS, 2014 WL 5812331, at *1, *3 (D. Colo. Nov. 10, 2014) (assuming, without deciding, that the companionship exemption applies to third party employers), *with Kennett v. Bayada Home Health Care, Inc.*, No. 14-cv-02005-CMA-MJW, 2015 WL 5608132, at *10–12 (D. Colo. Sept. 24, 2015) (holding that the companionship exemption does not apply to third party employers).  To date, there is still no controlling precedent on this unique state law issue.  Thus, under these circumstances, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(1).  *Merrifield*, 654 F.3d at 1085 (reversing district court's judgment on novel and unsettled state law claims because the district court should have declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(1)).

Given this Court's lack of original jurisdiction over Plaintiff's state law claims, and the novelty and complexity of those state law claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's First and Third Claims for Relief, and dismiss those claims without prejudice under Fed. R. Civ. P. 12(b)(1).

**2.    Plaintiff fails to plausibly allege facts supporting individual liability of Steve Shurhin under the Colorado Wage Claim Act or the Colorado Minimum Wage Act**

In addition, the Court should dismiss Plaintiff's First and Third Claims for Relief against Steve Shurhin in his individual capacity under Fed. R. Civ. P. 12(b)(6) because there is no individual liability of corporate officers or agents under the Colorado Wage Claim Act or the Colorado Minimum Wage Act, and Plaintiff does not allege any facts that would justify piercing the corporate veil.

11

Insulation from individual liability is an inherent purpose of incorporation, and only extraordinary circumstances justify disregarding the corporate entity to impose personal liability. *Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003).  In the absence of some exception, neither the officers nor the directors of a corporation are personally responsible for the debts of a corporation merely because they are officers or directors of the corporation.  *Id.* at 332. Requiring officers of a corporation to act as sureties for wage payment out of their personal assets would be a substantial deterrent to serving as an officer.  *Id.*  Accordingly, under the Colorado Wage Claim Act and the Colorado Minimum Wage Act, officers and agents of a corporation are not jointly and severally liable, along with the corporation, for the payment of wages to employees.  *Id.* at 333; *Lopez*, 2016 WL 6600243, at *2-3.

In *Lopez*, the court dismissed the plaintiff's Colorado Wage Claim Act and Colorado Minimum Wage Act claims brought against his employer's CEO in his individual capacity because the plaintiff did not allege an alter ego relationship.  2016 WL 6600243, at *3.  The court noted that the plaintiff presented no facts to support a claim for piercing the corporate veil because the plaintiff presented no information regarding whether the company was an "alter ego" of the CEO, did not allege that the company was a fiction used by the CEO to perpetuate fraud, and did not allege that the equities would require disregarding the corporate form.  *Id.*  The court concluded that, taking the plaintiff's well-pleaded allegations as true, the complaint "lacks enough facts to state a plausible claim for piercing the corporate veil and allowing his claims against [the CEO] under the Colorado Wage Claim Act and the Colorado Minimum Wage Act to proceed."  *Id.* (internal quotation omitted).

Here, as in *Lopez*, Plaintiff has not alleged any facts that would justify piercing the corporate veil and imposing personal liability upon Mr. Shurhin.  Plaintiff does not allege any facts suggesting that Atlas Home Health is the alter ego of Mr. Shurhin or that Atlas's corporate form should be disregarded.  Courts consider the following factors to determine whether the corporate form should be disregarded: (1) whether the corporation is operated as a separate entity, (2) commingling of funds and other assets, (3) failure to maintain adequate corporate records, (4) the nature of the corporation's ownership and control, (5) absence of corporate assets and undercapitalization, (6) use of the corporation as a mere shell, (7) disregard of legal formalities, and (8) diversion of the corporation's funds or assets to non-corporate uses. *Leonard*, 63 P.3d at 330.  Plaintiff does not allege any facts related to any of these factors. (Complaint (Doc. No. 1).)  Therefore, taking Plaintiff's well-pleaded allegations as true, Plaintiff's Complaint does not plausibly state a claim for relief against Mr. Shurhin individually under the Colorado Wage Claim Act or the Colorado Minimum Wage Act.

**3.     Plaintiff fails to plausibly allege any particular violation of the Colorado Minimum Wage Act**

Plaintiff's Third Claim for Relief under the Colorado Minimum Wage Act vaguely alleges that "[a]s a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the Minimum Wage Act." (Complaint (Doc. No. 1) ¶ 30.)  Plaintiff does not specifically allege any particular violations of the Colorado Minimum Wage Act.  (*Id.*, ¶¶ 25-31.)  Defendants do not even know what violations of the Colorado Minimum Wage Act Plaintiff is alleging.  Thus, Plaintiff's Third Claim for Relief fails to plausibly state a claim for relief under *Iqbal* and *Twombly*, and should be dismissed on this basis as well.

# IV.  Conclusion

WHEREFORE, Defendants Steve Shurhin and Atlas Home Health respectfully request that the Court dismiss with prejudice all of Plaintiff's claims for relief under Fed. R. Civ. P. 12(b)(6) and 12(b)(1), award Defendants' their attorney's fees and costs under C.R.S. § 8-4-110(1) or as otherwise allowed by law, and for such further and other relief as the Court deems just and proper.

Respectfully submitted this 16th day of December, 2016.


 S/ Erik K. Schuessler
Dana L. Eismeier (#14379)
Erik K. Schuessler (#42595)
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone Number:    303-796-2626
Fax Number:       303-796-2777
E-mails:             deismeier@bfwlaw.com
                        eschuessler@bfwlaw.com

**Attorneys for Defendants**
**Steve Shurhin and Atlas Home Health, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of December, 2016, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following or deposited a copy of the filing in the United States mail, postage prepaid, addressed as follows:

Brian D. Gonzales, Esq.
The Law Offices of Brian D. Gonzales, PLLC
242 Linden Street
Fort Collins, Colorado  80524

 S/ Erik K. Schuessler
Dana L. Eismeier (#14379)
Erik K. Schuessler (#42595)
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone Number:    303-796-2626
Fax Number:      303-796-2777
E-mail:          deismeier@bfwlaw.com
                 eschuessler@bfwlaw.com